# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PETER TIA,

    Petitioner(s),

v.

    Defendant(s).

Case No. 2:25-cv-01659-___-NJK[1]

**Report and Recommendation**

Plaintiff describes himself as mentally ill, Docket No. 1-1 at 1, and is subject elsewhere to filing restrictions, *see Tia v. CoreCivic*, Case No. CV 19-4545-ODW (AS), Docket No. 7 (C.D. Cal. Aug. 15, 2019). Plaintiff filed this case without a proper complaint identifying in clear fashion the defendant(s) that he intends to sue.[2] Plaintiff also failed to either pay the filing fee or file an application to proceed *in forma pauperis*. On September 8, 2025, the Court ordered Plaintiff to (1) file a complaint on the form used by *pro se* litigants and (2) either pay the filing fee or file an application to proceed *in forma pauperis*. Docket No. 5. The deadline to comply was set for September 29, 2025. *Id.* at 2. The Court warned that "**[f]ailure to comply with this order may result in dismissal.**" *Id.* (emphasis in original).

Despite the issuance of the above warning, Plaintiff did not pay the filing fee or file an application to proceed *in forma pauperis*.[3] This case cannot proceed without Plaintiff either paying the filing fee or filing a motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a); *see also*

---

[1] This case was assigned to the consent opt-out program. *See* Docket Nos. 2-3.

[2] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[3] Plaintiff also did not file a complaint on the identified form. Instead, Plaintiff filed three separate "statements" that do not include a caption and do not clearly identify the defendant(s) that Plaintiff intends to sue. Docket Nos. 6-8. Ultimately, the Court need not address the failure to comply with the order to file a complaint on the identified form in light of the recommendation of dismissal made herein.

28 U.S.C. § 1915(a). Having refused to do either in this case, Plaintiff's complaint is subject to dismissal. *E.g.*, *Desai v. Biden*, 2021 WL 38169, at *1 (E.D. Cal. Jan. 5, 2021), *adopted*, 2021 WL 276236 (E.D. Cal. Jan. 27, 2021). Moreover, Plaintiff's refusal to comply with the Court's order is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with the order of this Court notwithstanding the warning that case-dispositive sanctions may be imposed.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice. The Clerk's Office is **INSTRUCTED** to assign a district judge to this case.

Dated: September 30, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).