**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| **IN RE TIA** | Case No.: 2-25-cv-01659-RFB-NJK<br>**ORDER DENYING FRIVOLOUS MOTIONS** |

Before the Court are Plaintiff Peter Tia's Motion to Investigate (ECF No. 18) and Motion for Hearing (ECF No. 22). Because these motions are frivolous, the Court denies them pursuant to its inherent authority to manage its own docket.

District courts "possess[ ] inherent powers that are 'governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Cahill v. Insider Inc., 131 F.4th 933, 938 (9th Cir. 2025) (quoting Dietz v. Bouldin, 579 U.S. 40, 45 (2016)). Amongst other powers, a district court has the inherent "authority 'to manage . . . [its] dockets and courtroom[ ] with a view toward the efficient and expedient resolution of cases." Id. (quoting Dietz, 579 U.S. at 47). By virtue of this authority, this Court has the "discretion to weed out frivolous or simply repetitive motions." Hoffman v. Tonnemacher, 593 F.3d 908, 912 (9th Cir. 2010) (citation omitted); ProDox, LLC v. Pro. Document Servs., Inc., Nos. 24-2409, 24-2753, 24-5646, 24-6013, 2025 WL 2364980 (9th Cir. Aug. 14, 2025) (citation omitted) (same).

The Court exercises its discretion to weed out Plaintiff's frivolous motions, as they are incomprehensible filings in a non-existent case. By way of background, the Court already dismissed this action because Mr. Tia failed to file a proper complaint or address the filing fee in this matter. See generally Order, ECF No. 17 (Oct. 20, 2025); R. & R. 1–2, ECF No. 9 (Sep. 30, 2025). To date, Mr. Tia has not complied with these procedural requirements, nor has he sought

relief from this Court's dismissal order. Cf. FED. R. CIV. P. 59(e); id. at 60(b). Instead, he has submitted various materials—ranging from affidavits to notices—which suffer from the same defects previously identified by Magistrate Judge Koppe. See, e.g., generally Am. Compl., ECF No. 23 (Dec. 18, 2025) (failing to clearly identify defendants). Case in point, Mr. Tia filed two unintelligible motions which seek an investigation, and/or a hearing, regarding copyright infringement, government corruption, racial violence, theft, fraud, etc. See generally Mot. to Investigate Courtyard Homeless Res. Ctr., ECF No. 18 (Oct. 22, 2025); Mot. for Hearing, ECF No. 22 (Dec. 15, 2025). While these motions make passing references to some legal authorities, they do not explain why Plaintiff is entitled to additional procedures in a case that was never properly initiated—even when they are construed liberally. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). As such, the Court concludes that these motions are frivolous and should be denied outright for the sake of judicial economy.

For the foregoing reasons, **IT IS HEREBY ORDERED** Plaintiff's Motion to Investigate (ECF No. 18) and Motion for Hearing (ECF No. 22) are **DENIED**.

**DATED:** September 18, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**